**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.<br><br>    Debtor. | Chapter 11 Case.<br><br>Case No. 19-12417 (MEW) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION, (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, AND (C) PAY PREPETITION CLAIMS OF INDEPENDENT CONTRACTORS AND (II) DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the Motion, dated July 30, 2019 (the "Motion")[1], of HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, for an order, *inter alia*, (i) authorizing Debtor to (a) pay prepetition wages, salaries, employee benefits, and other compensation, (b) maintain employee benefit programs and policies and pay related administrative obligations, and (c) pay Independent Contractor Obligations, and (ii) authorizing and directing all financial institutions to receive, honor, process, and pay all checks and wire transfers drawn on the Debtor's accounts related to such obligations, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and a hearing having been held on August 1, 2019 to consider the relief requested in the Motion (the "Hearing"); and upon the Declaration of Alex G. Dimitrijevic

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on an interim basis as provided herein; and it is further

**ORDERED** that Debtor is authorized, but not directed, to pay, in its sole discretion, all obligations incurred (including amounts withheld from Employees), directly or indirectly, under or relating to the Prepetition Employee Obligations, including, but not limited to, the Wage Obligations, the Withholding Obligations, Reimbursement Obligations, Employee Benefits Obligations, the Vacation Obligations, and the Sick Pay Obligations, all related expenses, and all fees and costs incident to the foregoing, including amounts owed to third-party administrators, that are due and payable and relate to the period prior to the Petition Date or come due during the interim period from the Petition Date to the entry of a final order, provided, however, that (a) the payment pursuant to this Interim Order shall not exceed $113,596.25; (b) any payments shall only be made as they become due, and that no payments shall be accelerated prior to the final hearing on this Motion; and (c) no payments shall be made above the statutory cap pursuant to 11 U.S.C.§507(a)(4) of $12,850 prior to the final hearing of the Motion; and it is further

**ORDERED** that Debtor is authorized, but not directed, to honor its practices, programs, and policies for their Employees, as those practices, programs, and policies were in effect as of the Petition Date and as such practices, programs, and policies may be modified, amended, or supplemented from time to time in the ordinary course of Debtor's business; and it is further

**ORDERED** that Debtor is authorized, but not directed, to pay the Independent Contractor Obligations that are due and payable and relate to the period prior to the Petition Date or come due during the interim period from the Petition Date to the entry of a final order, provided that the payment pursuant to this Interim Order shall not exceed $9,007.70; and it is further

**ORDERED** that the Bank at which the Debtor maintains its accounts relating to the payment of the obligations described in the Motion are authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise; and it is further

**ORDERED** nothing in this Interim Order should be construed as approving any transfer pursuant to 11 U.S.C.§ 503(c), and a separate motion should be filed for any request that falls with section 503(c) of the Bankruptcy Code; and it is further

**ORDERED** that this Interim Order does not implicitly or explicitly approve any bonus plan, incentive plan or other plan covered by section 503(c) of the Bankruptcy Code; and it is further.

**ORDERED** that Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of Prepetition Employee Obligations and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of Debtor's chapter 11 case; and it is further

**ORDERED** that nothing in the Motion or this Interim Order shall be deemed to authorize Debtor to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing"); and it is further

**ORDERED** that nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against Debtor, (ii) a waiver of Debtor's or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; and it is further

**ORDERED** that notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party; and it is further

**ORDERED** that notwithstanding the relief granted in this Interim Order, any payments made by the Debtor shall be subject to and in accordance with the terms of any order entered by this Court authorizing the Debtor's use of cash collateral, and the budget attached thereto; and it is further

**ORDERED** that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

**ORDERED** that, under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a); and it is further

**ORDERED** that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Final Hearing on the Motion shall be held on **August 15, 2019 at 2:00 p.m. (Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtor, Weltman & Moskowitz, LLP, 270 Madison Avenue, Suite 1400, New York, New York 10016 (Attn: Michael L. Moskowitz, Esq.); and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on August 13, 2019** ; and it is further

**ORDERED** that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided, that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order; and it is further

**ORDERED** that Debtor is authorized to take all steps necessary to carry out this Interim Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: August 2, 2019
      New York, New York

                                        **s/Michael E. Wiles**
                                        HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE