**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>                  Debtor. | Chapter 11 Case<br><br>Case No. 19-12417 (MEW) |

## ORDER ESTABLISHING NOTICE AND SERVICE PROCEDURES

Upon consideration of the motion ("Motion")[1] of the debtor and debtor-in-possession in the above-captioned case ("Debtor") for entry of an order ("Order"), pursuant to section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), Rules 2002(m), 9007 and 9036 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9074-1(c) of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), establishing certain notice and service procedures in this chapter 11 case; and Notice of Presentment of the Motion and exhibit having been served on the parties set forth in the Motion; and the Court having determined that: (a) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; (b) the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors and other parties in interest, and; (c) the factual and legal basis set forth in the Motion establishes just cause for the relief granted herein, it is hereby

**ORDERED** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED** that Debtor is authorized to establish a core service list ("Core Service List"), which shall include: (i) the U.S. Trustee (Attn: Serene Nakano, Esq. and Greg Zipes, Esq.); (ii) the holders of the twenty (20) largest unsecured claims against Debtor; (iii) the five (5) largest secured claimants and their counsel, if known; (iv) the Internal Revenue Service; (v) the Environmental

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

19-12417-mew    Doc 39    Filed 08/13/19    Entered 08/13/19 13:30:27    Main Document
Pg 2 of 4


19-12417-mew    Doc 39    Filed 08/13/19    Entered 08/13/19 13:30:27    Main Document
Pg 2 of 4

Protection Agency and similar state environmental agencies for states in which Debtor conducts business; (vi) the state attorneys general for states in which Debtor conducts business; (vii) counsel to Creditors Committee, if one is appointed; (viii) counsel for any other official committee appointed or designated in the chapter 11 case; (ix) the U.S. Attorney's Office for the Southern District of New York; (x) all parties who have timely filed requests for notice under Bankruptcy Rule 2002; and (xi) in any case, as otherwise directed by the Court in the future; and it is further

**ORDERED** that the proceedings with respect to which notice may be limited to the persons and entities listed on the Core Service List does not include the following, which shall be served on all parties in interest in this case: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) notice of the time fixed for filing of proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of a motion to sell substantially all of Debtor's assets; (iv) notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement or confirmation of a plan of reorganization; and (v) notice of transmittal of ballots for accepting or rejecting a plan of reorganization; and it is further

**ORDERED** that any creditor or party in interest that wishes to receive notice other than as required by Bankruptcy Rule 2002 and Local Rule 2002 must file a notice of appearance and request for service of papers ("Request") with the Clerk of Court that must include such party's: (a) name, (b) address, (c) client's name, if applicable, (d) telephone number, (e) facsimile number, and (f) electronic mail address ("email"), unless such party files a request to be exempted from providing an email address as set forth in this Order; and it is further

**ORDERED** that any individual or entity filing a notice of appearance who (a) does not maintain and cannot practicably obtain an email address, or (b) is not represented in this chapter 11 case by an attorney must include in its notice of appearance a certification stating the same, and

notice will be provided to these individuals or entities by U.S. mail, overnight delivery or facsimile in Debtor's sole discretion; and it is further

**ORDERED** that service by email may be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with Bankruptcy Rule 9026 or the Court's General Order on Electronic Means for Filing, Signing and Verification of Documents, M-399, dated May 17, 2010, provided, however, that hard copies of documents or notices shall be served in the following circumstances: (i) service of a complaint and summons in an adversary proceeding under Bankruptcy Rule 7004, service of a motion commencing a contested matter under Bankruptcy Rule 9014(b), or a subpoena issued under Bankruptcy Rule 9016; (ii) notice of the meeting of creditors required under Bankruptcy Rule 2002(a)(1); and (iii) service upon an agency of the United States, including any offices of the United States Attorney and the United States Trustee, or chambers; and it is further

**ORDERED** that to extent that a Request fails to contain an email address, such party shall not be entitled to additional service of papers, as described herein, until such party files a request to be exempted from providing an email address as set forth in this Order. Unless a request to be exempted from providing an email address is filed, each party that files a Request shall be deemed to have consented to electronic service (i.e., service by email) of all pleadings and documents filed in this chapter 11 case; and it is further

**ORDERED** that if notice is served by email and other forms of service are not otherwise required under the Federal Rules of Bankruptcy Procedure, service of a paper copy of documents on interested parties by any other means is not necessary and email service shall satisfy the Court's rules for service; and it is further

**ORDERED** that all documents served electronically pursuant to this Order shall include access to an attached file containing the entire document, including the proposed form(s) of order and any exhibits, attachments, and other relevant material, in .pdf format, readable by Adobe Acrobat or an equivalent program; and it is further

**ORDERED** that notwithstanding the foregoing, if a document cannot be annexed to an email (because of its size, technical difficulties, or other concerns), Debtor may, in its discretion (i) serve the entire document by U.S. mail or overnight mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant material, or (ii) email the party being served and include a notation that the document has not been annexed and will be mailed if requested; and it is further

**ORDERED** that upon the completion of noticing of any particular matter, Debtor shall file electronically with the Court either an affidavit of service or certificate of service, annexing thereto the list of those parties to whom notice was provide and the means by which they were served; and it is further

**ORDERED** that Debtor may amend the procedures set forth herein from time to time throughout this chapter 11 case and shall present such amendments to the Court for approval; and it is further

**ORDERED** that Debtor is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
     August 13, 2019

                           /s Michael E. Wiles
                           THE HONORABLE MICHAEL E. WILES
                           UNITED STATES BANKRUPTCY JUDGE