**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.<br><br>      Debtor. | ) Chapter 11 Case<br>)<br>) Case No. 19-12417 (MEW)<br>)<br>)<br>)<br>) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 363(c) AND FED. R. BANKR. P. 6003 AND 6004 FOR (I) AUTHORITY TO (A) CONTINUE EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN BUSINESS FORMS AND EXISTING BANK ACCOUNTS AND (II) RELATED RELIEF**

    Upon the Motion, dated July 30, 2019 ("Motion"), of HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), pursuant to sections 105(a), 363(b), and 363(c) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, Debtor requests: (i) authority to (a) continue to use its existing cash management system ("Cash Management System"), as described herein, including the continued use of the Rabobank Account[1]; (b) honor certain prepetition obligations related to the Cash Management System; and (c) maintain existing business forms; and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M- 431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion ("Hearing"); and upon the Dimitrijevic Declaration, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable

---

[1] Capitalized terms not otherwise defined herein are ascribed the meaning provided in the Motion.

harm to Debtor and its estate as contemplated by Bankruptcy Rule 6003 and is in the best interests of Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on an interim basis to the extent set forth herein; and it is further

**ORDERED** that, pursuant to section 105(a) of the Bankruptcy Code, Rabobank is directed to honor transfers, as directed by Debtor, of funds among current and any new bank accounts; provided, however, that the Debtor will notify the U.S. Trustee and its secured lenders, UBS AG London Branch and GLR, LLC, should it intends to open any new bank accounts; provided further, however, that nothing in this Order shall specifically authorize any such transfer; and it is further

**ORDERED** that Debtor shall maintain accurate records of all transfers within the Cash Management System so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by Debtor before the Petition Date; and it is further

**ORDERED** that Debtor is authorized to: (i) designate, maintain and continue to use the Rabobank Account in the name and with the account number existing immediately before the Petition Date and (ii) pay any Bank Fees or other charges associated with the Rabobank Account whether arising before or after the Petition Date; and it is further

**ORDERED** that, except as otherwise provided in this Interim Order, Rabobank is authorized and directed to continue to maintain, service, and administer the Rabobank Account without interruption and in the usual and ordinary course, and to receive, process, honor, and pay all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be;

provided, however, that nothing contained herein shall (i) require a financial institution to honor any check, wire, or other transfer unless the account has good and collected funds at the time of the requested action or (ii) authorize any financial institution to honor any check, draft, wire, or other transfer issued or dated before the Petition Date, except as otherwise provided by order of this Court; provided, further, however, that any such financial institution is authorized to accept and honor, at the Debtor's instruction and based on the Debtor's representation in good faith that such payment is authorized by an order of this Court, any check, ACH transfer, draft, wire, or other transfer drawn or issued by Debtor before the Petition Date, and such financial institution shall not have any liability to any party for relying on the instructions of and representations by Debtor as provided herein, nor shall any bank honoring or not honoring any check or other item as a result of good faith error be liable to any party therefor; and it is further

**ORDERED** that that certain existing deposit agreement between Debtor and Rabobank shall continue to govern the post-petition cash management relationship between Debtor and Rabobank, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect; and it is further

**ORDERED** that nothing contained herein shall prevent Debtor from closing any existing deposit account as it may deem necessary and appropriate, and financial institutions are authorized to honor Debtor's request to close any bank accounts; provided, however, that Debtor will notify the U.S. Trustee and its secured lenders, UBS AG London Branch and GLR, LLC, should it close any bank accounts; and it is further

**ORDERED** that Debtor is authorized to use its existing Business Forms and is not required to obtain new stock reflecting their status as debtors in possession; provided, however, that Debtor will: (i) as soon as practicable after the entry of an Order granting this Motion, stamp or print its

check stock with "Debtor in Possession" and its Chapter 11 Case number; (ii) make reasonable best efforts to include a reference to its status as debtor in possession on its Business Form; and, (iii) to the extent Debtor obtains new Business Forms, Debtor will cause them to identify its status as a debtor in possession; and it is further

**ORDERED** that to the extent a bank in the ordinary course of the Cash Management System incurs an overdraft or other event giving rise to an uncovered debit, resulting from a payment made in accordance with the Order entered by this Court approving the use of cash collateral, the bank shall be authorized to cover the overdraft or debit from funds of Debtor in its possession and available for that purpose; and it is further

**ORDERED** that Debtor is authorized, but not directed, to pay prepetition amounts outstanding as of the Petition Date, if any, owed to Rabobank to the extent it has directly provided services to Debtor in connection with the Cash Management System, such as Bank Fees and other service charges for the maintenance of the Cash Management System; and it is further

**ORDERED** that Debtor is hereby authorized to execute any additional documents and reasonably cooperate with the financial institutions as may be required to carry out the intent and purpose of this Order; and it is further

**ORDERED** that nothing in the Motion or this Interim Order shall be deemed to authorize Debtor to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis ("Final Hearing"); and it is further

**ORDERED** that nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against Debtor, (ii) a waiver of Debtor's or any

appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; and it is further

**ORDERED** that notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party; and it is further

**ORDERED** that notwithstanding the relief granted in this Interim Order, any payments made by the Debtor shall be subject to and in accordance with the terms of any order entered by this Court authorizing the Debtor's use of cash collateral, and the budget attached thereto; and it is further

**ORDERED** that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

**ORDERED** that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

**ORDERED** that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Final Hearing on the Motion shall be held on September 5, 2019, at 11:30 a.m. (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for Debtor, Weltman & Moskowitz, LLP, 270 Madison Avenue, Suite 1400, New York, New York 10016 (Attn: Michael L. Moskowitz, Esq.) and (ii) the Notice Parties, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on August 28, 2019; and it is further

**ORDERED** that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided, that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated: August 14, 2019
      New York, New York

                                  /s/ Michael E. Wiles
                                  HONORABLE MICHAEL E. WILES
                                  UNITED STATES BANKRUPTCY JUDGE