**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Michele K. Jaspan (mkj@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------)
                                                           )
  In re:                                                   )
                                                           )   Chapter 11 Case
      HVI CAT CANYON, INC.,                                )
                                                           )
                              Debtor.                      )   Case No. 19-12417 (MEW)
                                                           )
-----------------------------------------------------------)
```

### STIPULATION REGARDING ADJOURNMENT OF
### HEARING ON UTILITY MOTION AND ORDER

HVI Cat Canyon, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), and Pacific Gas and Electric Company ("PG&E") enter into this *Stipulation Regarding Adjournment of Hearing on Utility Motion* (the "Stipulation"), by and through their undersigned counsel of record. In support of this Stipulation, the Debtor and PG&E (collectively, the "Parties") represent as follows:

### RECITALS

A. The Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 25, 2019. The Debtor is operating its business and managing its properties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

B. On July 30, 2019, the Debtor filed the *Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 366 Requesting Entry of an Order (I) Approving Debtor's Proposed Form of*

*Adequate Assurance of Payment to Utility Providers and, (II) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [ECF No. 13] (the "Utility Motion").

C. PG&E objects to the form and amount of adequate assurance of future payment under section 366 of the Bankruptcy Code that the Debtor proposes by the Utility Motion.

D. The Parties have commenced settlement discussions in order to negotiate a form and amount of adequate assurance acceptable to both Parties under section 366(c) of the Bankruptcy Code.

E. By agreement and with this Court's approval, the Parties adjourned the hearing on the Utility Motion from August 15, 2019, to August 21, 2019 at 10 a.m., prevailing Eastern Time. The deadline for PG&E to file and serve written objection to the Utility Motion is August 19, 2019, by 12 p.m., prevailing Eastern Time. *See Notice of Adjournment of Hearing* [ECF No. 33].

F. As the Parties desire additional time to continue settlement discussions, the Parties jointly requested and obtained Court approval to adjourn the hearing on the Utility Motion as set forth in this Stipulation. The Parties believe that adjournment of the hearing on the Utility Motion is in the Parties' best interests and in the interests of judicial economy and efficiency.

NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AS FOLLOWS:

1. The Utility Motion shall be adjourned to September 5, 2019, at 11:30 a.m., or as soon thereafter as practical.

2. PG&E's deadline to file and serve a written objection or response to the Utility Motion, if any, is extended from August 19, 2019, at 12:00 p.m., prevailing Eastern Time, to September 3, 2019, at 12:00 p.m., prevailing Eastern Time. Service of PG&E's written objection or response, if any, shall be made upon the Notice Parties as such term is defined in the Utility Motion, as well as upon proposed counsel for the Official Committee of Unsecured Creditors

formed in this case, so as to be received no later than September 3, 2019 at 2:00 p.m., prevailing Eastern Time.

3. PG&E shall not alter, refuse, or discontinue service to, or discriminate against, the Debtor through September 6, 2019, or such later time as may be agreed in writing by the Parties.

4. Other than as set forth herein, the rights and remedies of each of the Parties are preserved. This Stipulation is not intended to address any order that may be issued by the Court in connection with the Utility Motion other than an order on this Stipulation.

5. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same document.

Dated: August 19, 2019                    WELTMAN & MOSKOWITZ, LLP


                                          */s/ Michael L. Moskowitz*
                                                  Michael L. Moskowitz
                                          270 Madison Avenue
                                          New York, New York 10016
                                          *Proposed Attorneys for Debtor and*
                                          *Debtor in Possession*

Dated: August 18, 2019                    FRIEDMAN & SPRINGWATER, LLP

                                          */s/ Jeannie Kim*
                                                  Ellen A. Friedman
                                                  Jeannie Kim
                                          350 Sansome Street, Suite 210
                                          San Francisco, California 94104
                                          *Attorneys for Pacific Gas and Electric Company*


IT IS SO ORDERED. For the avoidance of doubt, the adjournment discussed in paragraph 1 shall apply only to the portion of the Utilities Motion that applies to PG&E.

Dated: August 20, 2019                    **s/Michael E. Wiles**
        New York, New York                Hon. Michael E. Wiles
                                          UNITED STATES BANKRUPTCY JUDGE